UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JOSEPH D. H. [1]                                                                    **DECISION AND ORDER**

                                Plaintiffs,

                                                                                     1:20-cv-881-JJM

v.

COMMISSIONER OF SOCIAL SECURITY,

                                Defendant.
_____

            Plaintiff commenced this action on July 13, 2020 pursuant to 42 U.S.C. §405(g) to review the final determination of the Commissioner of Social Security that plaintiff was not entitled to social security disability ("SSD") benefits. Complaint [1]. [2] The parties consented to my jurisdiction. [15]. Plaintiff died on August 2, 2020. Affidavit of Leonard Heining, sworn to April 26, 2022 (the "Heining Affidavit.") [27-1], ¶ 5. Plaintiff's death being unknown to me, I remanded this matter to the Commissioner on May 11, 2021 pursuant to the parties' stipulation. *See* Stipulation [16] and Order for Remand [17]. Before the court is plaintiff's father's unopposed motion [27] to substitute himself as the plaintiff pursuant to Fed. R. Civ. P. ("Rule") 25(a)(1). After plaintiff's death, but before Mr. Heining made the motion to be substituted as a party, plaintiff's attorney filed a motion [24] to vacate the judgment entered as a result of my

---

[1]    In accordance with the guidance from the Committee on Court Administration and Case Management of the Judicial Conference of the United States, which was adopted by the Western District of New York on November 18, 2020 in order to better protect personal and medical information of non-governmental parties, this Decision and Order will identify the plaintiff using only the first name and last initial.

[2]    Bracketed references are to the CM/ECF docket entries. Page references to the administrative record are to the Bates numbering. All other page references are to the CM/ECF pagination.

Order for Remand and my subsequent award of attorneys' fees pursuant to the Equal Access to Justice Act. *See* Judgment [18] and Decision and Order [22]. That motion remains pending.

## DISCUSSION

I. **Mr. Heining's Motion for Substitution**

Plaintiff's father, Leonard Heining, requests that he "be named as the substitution of party in the federal court action associated with [plaintiff's] Social Security appeal." Heining Affidavit [27-1], ¶ 14. In his affidavit, he states that he is plaintiff's father (id., ¶ 4) and that plaintiff died on August 2, 2020 (id., ¶ 5). At the time of his death, plaintiff had no spouse, children, or siblings. Id., ¶¶ 4, 7, 8. Mr. Heining also confirmed that plaintiff died with "no assets in his name requiring the administration of an estate". Id., ¶¶ 10-11. The Commissioner raises "no objection to the proposed substitution". Defendant's Response [30] at 1.

> Rule 25(a)(1) provides:
>
> "If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed."

Fed.R.Civ.P. Rule 25(a)(1). Accordingly, courts considering substitution under this provision must consider whether:

> "(1) the claim of the deceased plaintiff survives his or her death;
> (2) the individual seeking to be substituted is a 'proper party;' and
> (3) the party requesting substitution moves 'within 90 days after service of a statement noting the death.'"

Scialdone v. Berryhill, 2017 WL 2835252, *1 (W.D.N.Y. 2017). I address each of these requirements below.

  A.  **Plaintiff's Claim Survived His Death**

  "The Social Security Act expressly provides for Plaintiff's Social Security benefits to be paid to his survivors in the event he dies before collecting his underpayments. . . . Plaintiff's claim, therefore, survives his death." Perlow v. Commissioner of Social Security, 2010 WL 4699871, *1 (E.D.N.Y. 2010); *see also* Scialdone, supra; 42 U.S.C. § 404(d). The first element is therefore satisfied.

  B.  **Plaintiff's Father is a "Proper Party"**

  A "proper party" "is either (1) a successor of the deceased party – a distributee of an estate if the estate of the deceased has been distributed at the time the motion for substitution has been made, or (2) a representative of the deceased party – a person lawfully designated by state authority to represent the deceased's estate." Herrera-Castro v. Trabajamos Community Head Start, Inc., 2017 WL 549584, *1 (S.D.N.Y. 2017); *see also* Bruyere v. Commissioner of Social Security, 2020 WL 1904494, *1 (W.D.N.Y. 2020). New York law determines "[w]hether a person is a proper 'successor or representative' of the decedent". Garcia v. City of New York, 2009 WL 261365, *1 (E.D.N.Y. 2009); *see also* Bruyere, supra.

  New York's Estates, Powers, and Trusts Law defines a "personal representative" as "a person who has received letters to administer the estate of a decedent". N.Y. E.P.T.L. § 1-2.13. "However, where the plaintiff died destitute, a party who is seeking substitution as a successor and who is not also a representative of the plaintiff's estate need not show that the estate has been distributed before serving as a substitute, as there would not be any estate to distribute." Herrera-Castro, supra (internal quotations omitted). I therefore consider whether plaintiff's father qualifies under the second possibility: a "successor", that is, a "distributee" of plaintiff's estate. Distributees of a person's estate are determined by N.Y. E.P.T.L. § 4-1.1.

Where a person "is survived by" "[o]ne or both parents, and no spouse and no issue", a decedent's property is distributed "to the surviving parent or parents".  N.Y. E.P.T.L. § 4-1.1(a)(4).

Here, plaintiff's father confirmed that plaintiff had no spouse and no children, but that he and plaintiff's mother are alive.  Accordingly, Mr. Heining is plaintiff's successor, and qualifies as a "proper party" under Rule 25(a)(1).

C. **Timeliness**

Finally, Mr. Heining's motion is timely.  The court first received notice of plaintiff's death on April 13, 2022, when plaintiff filed its motion to vacate [24].  *See* Text Order [25] ("given that this motion and a copy of the plaintiff's death certificate have now been served upon the Commissioner, either of which may, or may not, operate as service of a statement noting the plaintiff's death pursuant to Rule 25(a)(1), the court draws the parties' attention to the deadline for filing a motion for substitution").  Mr. Heining filed this motion on April 29, 2022: only 16 days later and well within the 90 days provided by Rule 25(a)(1).  Accordingly, I find that the motion is timely.

II. **The Motion to Vacate**

After plaintiff's death, but before Mr. Heining made the motion to be substituted as a party, plaintiff's attorney filed a motion [24] to vacate the judgment entered as a result of my Order for Remand and my subsequent award of attorneys' fees pursuant to the Equal Access to Justice Act.  *See* Judgment [18] and Decision and Order [22].  I agree with defendant's attorney that at the point in time when this motion was filed – *i.e.* after plaintiff's death, but before a proper party had been substituted – plaintiff's attorney had no authority to act in this matter.  *See* Fariss v. Lynchburg Foundry, 769 F.2d 958, 962 (4th Cir. 1985) ("[t]he attorney's agency to act

ceases with the death of his client . . . and he has no power to continue or terminate an action on his own initiative").

I find unpersuasive the cases cited by plaintiff's attorney to illustrate that "the courts allow motions and other filings to be submitted by counsel in cases where the plaintiff is deceased and no substituted party has been appointed". Reply to Defendant's Response and in Further Support of Motions to Substitute Party and Vacate Judgment [29] at 1. In Grass Valley Terrace v. United States, 69 Fed. Cl. 506 (2006), the court noted that the first mention of plaintiff's death was buried on page 447 of a 474-page appendix submitted with a reply brief filed in response to defendants' motion for summary judgment. The court did not discuss whether that filing was properly made. Its discussion focused on the motion for substitution then before the court.

Plaintiff's attorney points out that in Christner v. Secretary of Health and Human Services, 145 Fed. Cl. 633 (2010), the court ruled on a motion filed by the deceased plaintiff's attorney to review a Special Master's decision dismissing the case. The dismissal occurred because no one moved to substitute a proper party following plaintiff's death by the date ordered by the Special Master. Further, the motion submitted to the court included an affidavit from the administrator of the deceased plaintiff's estate stating that she had authorized deceased plaintiff's attorney to represent the estate. Finally, in Farzam v. United States, 135 Fed. Cl. 815 (2018), the Motion to Modify Order[3] made by plaintiff's attorney referred to an Order directing the deceased plaintiff's attorney to file a motion to substitute a proper party on or before a certain date. Instead of filing such a motion, the deceased plaintiff's attorney filed a motion to withdraw. With no motion for substitution before the court, it dismissed the case.

---

[3] Plaintiff mistakenly refers to this as a "Motion to Modify Offer". See Reply to Defendant's Response [29] at 2.

None of these cases convince me that the motion to vacate [24] is properly before me. At the time the motion to vacate [24] was filed, the deceased plaintiff's attorney had no authority to make any motion on the deceased plaintiff's behalf. Farris, supra. That motion is a nullity. I therefore dismiss the motion to vacate [24] without prejudice to renewal, as described below.

## CONCLUSION

Mr. Heining satisfies each element required for substitution of a party pursuant to Rule 25(a)(1). I therefore grant his motion, substitute him as a party due to plaintiff's death, and instruct the Clerk of the court to amend the caption appropriately. Plaintiff's attorney is instructed to serve a copy of this Decision and Order upon Mr. Heining on or before December 8, 2022, with proof of service to be filed on or before that date. The motion [24] to vacate will be administratively terminated, and Mr. Heining may re-file the motion to vacate on or before January 9, 2023.

**SO ORDERED**.

Dated: November 8, 2022

/s/ *[signature]*
JEREMIAH J. MCCARTHY
United States Magistrate Judge